HARDIN, KUNDLA, McKEON & POLETTO
COUNSELLORS AT LAW

A PROFESSIONAL CORPORATION

673 MORRIS AVENUE

SPRINGFIELD, NEW JERSEY 07081

(973) 912-5222

Attorneys for Defendant, Trans-Americainvest (St Kitts) Ltd t/a Royal St. Kitts Hotel i/p/a
Trans-Americainvest (St Kitts) Ltd t/a Royal St. Kitts Hotel and Casino

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HIZA SUHAIL,<br><br>Plaintiff,<br><br>vs.<br><br>TRANS-AMERICAINVEST (ST KITTS) T A ROYAL ST. KITTS HOTEL & CASINO, UNIVERSITY OF MEDICINE AND HEALTH SCIENCES, ST. KITTS, UNIVERSITY OF MEDICINE AND HEALTH SCIENCES, LLC, JOHN DOES 1-10 (a series of fictitiously named defendants); RICHARD ROE (a fictitious name); ABC CORP. (a fictitious name); DEF CORP. (a fictitious name); GHI CORP. (a fictitious name), and continuing alphabetically through XYZ CORP. (a series of fictitious names),<br><br>Defendants. | Civil Action No. 3:14-cv-07386<br><br>Civil Action |

## Brief in Support of Motion to Dismiss by Defendant,
## Trans-Americainvest (St Kitts) Ltd t/a Royal St. Kitts Hotel
## i/p/a Trans-Americainvest (St Kitts) Ltd t/a Royal St. Kitts Hotel and Casino

## I.      STATEMENT OF FACTS

### A.      Factual Background

1.      Plaintiff, Hiza Suhail ("plaintiff" or "Suhail") filed a Complaint on or about October 14, 2014 in Law Division for the Superior Court of New Jersey, Somerset County at docket number SOM-L-1341-14. See Exhibit A.

2.      Trans-Americainvest (St Kitts) Ltd t/a Royal St. Kitts Hotel ("Trans-Americainvest") is a corporation founded in 1982 and incorporated in the Federation of St. Christopher and Nevis (also known as the Federation of St. Kitts and Nevis) with its principal place of business and registered office at Frigate Bay, St. Kitts. See Exhibit B, Bitton-Esposito Cert. at ¶ 4.

3.      Trans-Americainvest owns and operates Royal St. Kitts Hotel (the "Hotel"). Exhibit B, Bitton-Esposito Cert. at ¶ 5.

4.      Trans-Americainvest does not own any property in the continental United States or in New Jersey. Exhibit B, Bitton-Esposito Cert. at ¶ 6.

5.      Trans-Americainvest does not maintain any assets in the continental United States or in New Jersey. Exhibit B, Bitton-Esposito Cert. at ¶ 7.

6.      Trans-Americainvest does not transact any business in the State of New Jersey. Exhibit B, Bitton-Esposito Cert. at ¶ 8.

7.      Plaintiff, upon information and belief, is a citizen of the State of New Jersey and currently resides in Warren, New Jersey. See Exhibit A.

8.      At the time of the subject accident, plaintiff was residing in St. Kitts. See Exhibit A.

9.      Plaintiff alleges that on October 17, 2012 she was a medical student at co-defendant, University of Medicine and Health Sciences, LLC ("UMHS, LLC") in the Federation of St. Kitts and Nevis. See Exhibit A at ¶ 1.

10.     On that date, plaintiff was on the premises of the Hotel. Exhibit A. See Exhibit A at ¶ 8.

11.     As a UMHS student, plaintiff was a tenant of the Hotel pursuant to a written Rental Agreement. See Exhibit C.

12.     The rent for plaintiff's housing was paid to Trans-Americainvest by check drawn from a St. Kitts bank. Exhibit B at ¶ 17.

13.     Pursuant to the Rental Agreement, plaintiff was a tenant for the term commencing January 1, 2012 and concluding December 31, 2012. See Exhibit C.

14.     Plaintiff alleges that while she was walking on a second floor walkway at the Hotel that the walkway collapsed and caused her to suffer personal injuries. Exhibit A at ¶ 8.

15.     Many of the witnesses relevant to the claims alleged in the Complaint are located in St. Kitts including, but not limited to, security and management personnel who responded to the incident, the emergency responders including police and paramedics, the engineers who certified that the walkway in question was in compliance with the building code, UMHS personnel who responded to the scene, doctors at JNF Hospital who examined plaintiff and others following the incident, and the UMHS doctor who evaluated students after their medical assessments at JNF Hospital. Exhibit B at ¶ 18.

16.     The Rental Agreement provides that the agreement "shall be governed by the Laws of the Federation of St. Christopher and Nevis, West Indies." Exhibit C, <u>General Terms</u> at p. 5.

17.     The Rental Agreement incorporates by reference the Hotel's rental policies and rules. See Exhibit B at ¶ 16 & Exhibit C, Agreement to Rent at p. 2, 3.

18.     The Hotel's Long Term Tenants Rental Policies & Rules ("Policies & Rules") provide that the tenant "unequivocally agree[s] to submit to the jurisdiction of St. Kitts and Nevis". Exhibit D, <u>*Legal Disputes*</u> at p. 13.

19.     The Policies & Rules reiterate that any dispute is to be governed by the laws of St. Kitts and Nevis. Exhibit D, <u>*Legal Disputes*</u> at p. 13.

20.     During the relevant time period Trans-Americainvest was insured by Caribbean Alliance Insurance Co. Ltd. which issued a Public & Products Liability Policy to Trans-Americainvest, policy no. PL281133. Exhibit E.

21.     The Public & Products Liability Policy issued to Trans-Americainvest specifically provides that its coverage is limited to claims brought in the jurisdiction where the policy was issued. Exhibit E, Jurisdiction Clause at p. 9.

22.     The insurance policy does not provide coverage for any judgments or orders obtained from a court in any other country. Exhibit E, Jurisdiction Clause at p. 9.

23.     The "Territorial Limits" of the liability policy is the Federation of St Kitts and Nevis. See Exhibit E at p. 2.

24.     Tenants are advised in the Policies & Rules that the Hotel's liability policy only covers the jurisdiction of St. Kitts and Nevis. See Exhibit D at p. 13.

- 4 -

**B.      Procedural History**

25.     Trans-Americainvest was served a copy of the Complaint filed by Plaintiff in the Superior Court of New Jersey, Somerset County, Law Division on December 17, 2014. Exhibit B, Bitton-Esposito Cert. at ¶ 18.

26.     Defense counsel subsequently learned that co-Defendants, University of Medicine and Health Sciences, LLC and University of Medicine and Health Sciences, Limited, removed this matter to the District Court for the District of New Jersey.

27.     The Clerk's office advised defense counsel that the matter was removed to District Court for the District of New Jersey on or about November 26, 2014. See Exhibit G.

28.     The Clerk advised that the time for the Clerk to enter an Extension of Time to Answer had expired despite the fact that Trans-Americainvest was not served a copy of the Complaint until December 17th. See Exhibit G.

29.     Accordingly, this defendant obtained plaintiff's consent for an extension of time to file a Reply to the Complaint. See Exhibit G.

30.     Via correspondence dated January 15, 2015, this office submitted to the Honorable Magistrate Judge Arpert the Consent Order executed by the parties extending time for defendant to file an Answer or otherwise plead in Reply to the Complaint. See Exhibit G.

31.     Pending before the Court is co-defendants' motion to dismiss the Complaint under the doctrine of *forum non conveniens*, for lack of personal jurisdiction, and due to improper venue.

32.     Pursuant to Fed. R. Civ. P. 12(b), defendant now moves in Reply to dismiss the Complaint, with prejudice, in lieu of filing an Answer to the Complaint.

## II.    LEGAL ARGUMENT

Defendant moves this honorable Court to dismiss plaintiff's Complaint, with prejudice, on various grounds. First, defendant seeks to dismiss plaintiff's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(2) because the Court lack personal jurisdiction over defendant. Second, defendant seeks to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue. Third, defendant seeks to dismiss plaintiff's Complaint, with prejudice, pursuant to the well-established doctrine of *forum non conveniens*. The bases for these grounds are detailed below.

### A.    Plaintiff's Complaint Must Be Dismissed With Prejudice For Lack of Personal Jurisdiction Over Defendant.

Plaintiff's Complaint must be dismissed because this Court does not have personal jurisdiction over Trans-Americainvest as it is an entity incorporated in St. Christopher and Nevis, West Indies with no relationship to the United States or the State of New Jersey. A forum only has jurisdiction over a defendant if the defendant's contacts with the forum "are such that maintenance of the suit will not offend traditional notions of fair play and substantial justice." *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 283 (3rd Cir. 1981). To obtain personal jurisdiction over a non-resident defendant, this Court must look to New Jersey's long-arm statute and the restraints of the due process clause of the Fourteenth Amendment of the United States Constitution. *Id.* at 284. The Supreme Court has explained that this due process analysis requires evidence that a defendant purposefully availed itself of the privilege of conducting activities within the forum state whereby the defendant invokes the "benefits and protections" of the forum state's laws. *Id.* (quoting *Hanson v. Denckla*, 357 US. 235, 253 (1958)). Thus, the due process clause of the Fourteenth Amendment requires that a defendant have "a reasonable expectation"

that the defendant's conduct subjects the defendant to potentially being "haled before a court in the forum state." *Id.* (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)) (internal quotations omitted).

A Court may exercise personal jurisdiction over a defendant through either general jurisdiction or specific jurisdiction. *Burke v. Quartey*, 969 F. Supp. 921, 924 (D.N.J. 1997) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984)). General jurisdiction arises from an ongoing series of contacts with the forum state while specific jurisdiction depends upon "one substantial contact" from which the plaintiff's cause of action arises. *Id.* (citing *Helicopteros*, *supra*). To establish general jurisdiction, a plaintiff must establish "continuous and systematic contacts with the forum" even if the cause of action arises from non-forum related activities by the defendant. *Remick v. Manfredy*, 238 F.3d 248, 264 (3d Cir. 2001); *see also Burke*, 969 F. Supp. at 924. Specific jurisdiction requires a plaintiff to demonstrate (1) that the litigation arises out of activities within the forum state and (2) that the defendant purposefully directed its activities at the forum state. *Burke*, 969 F. Supp. At 924 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

The Supreme Court has denoted that, without more, the mere existence of a contract between a nonresident and a forum resident is insufficient to establish minimum contacts. *See Burger King*, 471 U.S. 462. Purposeful activity giving rise to personal jurisdiction over a defendant cannot be established solely through "[i]nformational communications in furtherance of [a] contract." *Sunbelt Corp. v. Noble, Denton & Associates, Inc.*, 5 F.3d 28, 32 (3d Cir. 1993) (citing *Stuart v. Spademan*, 772 F.2d 1185, 1193 (5th Cir. 1985) (stating that "an exchange of communications between a resident and a nonresident in developing a

- 7 -

contract is insufficient of itself to be characterized as purposeful activity invoking the benefits and protection of the forum state's laws"). Rather, the "totality of the circumstances" must be considered by the court "including the location and character of the contract negations, the terms of the contract and the parties' actual course of dealings." *Remick*, 238 F.3d at 256.

Likewise, mere operation of a website is insufficient to establish personal jurisdiction over a defendant. Whether or not personal jurisdiction arises from operation of a website depends upon a sliding scale of commercial activity. *Toys R Us, Inc. v. Step-Two, S.A.*, 318 F. 3d 446, 452 (3d Cir. 2002) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). The sliding scale requires, first, that a defendant must clearly be doing business through its website in the forum, and, second, that the claim arise from or relate to the use of the defendant's website. *Toys R. Us*, 318 F.3d at 452.

Ultimately, in every case where a defendant moves for dismissal of the case for lack of personal jurisdiction it is "the plaintiff [who] bears the burden of demonstrating contacts with the forum state sufficient to give the court in personam jurisdiction." *MoneyGram Payment Sys. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 849 (3d Cir. 2003) (quoting *Time Share Vacation Club v. Atlantic Resorts Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984)).

Thus, plaintiff must show that Trans-Americainvest maintained sufficient contacts with New Jersey and that this action arises from that contact.

Neither general nor specific jurisdiction over Trans-Americainvest can be established. There are no continuous and systematic contacts between Trans-Americainvest and the State of New Jersey to establish general jurisdiction in this matter per *Remick*, *supra*. Trans-Americainvest is not incorporated under New Jersey law, does not maintain a principal place of

- 8 -

business in New Jersey and neither owns property or maintains any assets in New Jersey. Moreover, Trans-Americainvest does not transact any business in New Jersey. The rent for plaintiff's housing was paid to Trans-Americainvest by check drawn from a St. Kitts bank. Accordingly, continuous and systematic contacts simply do not exist for general jurisdiction to be exercised over defendant.

Plaintiff also cannot establish facts supporting specific jurisdiction over defendant. The litigation does not arise out of activities within the forum state of New Jersey per *Burke*, *supra*. There is no evidence that defendant purposefully directed its activities at the forum state of New Jersey. The totality of the circumstances reflect only conduct in St. Kitts and an intent by defendant and plaintiff to avail themselves only of the laws and jurisdiction of St. Kitts and Nevis. The incident for which plaintiff seeks redress took place in St. Kitts while she was a resident there. The Rental Agreement between plaintiff and Trans-Americainvest was executed in St. Kitts while plaintiff was attending school at UMHS in St. Kitts for purposes of plaintiff securing housing at the Hotel in St. Kitts. The only law defendant purposefully availed itself of was the law of the Federation of St. Kitts and Nevis as set forth in the Rental Agreement and in the Policies & Rules. See Exhibits C & D.

Nor does plaintiff's cause of action arise from or relate to the operation of defendant's website so as to establish personal jurisdiction per *Toys R Us*, *supra*. Plaintiff's cause of action relates to injuries allegedly sustained as a result of a collapsing walkway at the Hotel in St. Kitts which she sustained while living there. In addition, plaintiff's residence at the Hotel in St. Kitts derived from a program previously established between Trans-Americainvest and UMHS for purposes of making housing available for UMHS students.

- 9 -

On these facts, there is no evidence that Trans-Americainvest purposefully availed itself of the privilege of conducting activities within the State of New Jersey as required by *DeJames*, 654 F.2d at 284 and *Hanson*, 357 US. at 253. Indeed, there simply is no activity by Trans-Americainvest in the State of New Jersey for plaintiff to point to in order to argue that defendant purposefully availed itself of New Jersey law let alone for plaintiff to argue that defendant conducted itself in a manner such that Trans-Americainvest could have reasonably expected to be haled before a court in New Jersey concerning plaintiff's tenancy and injuries allegedly sustained at the Hotel in St. Kitts. *DeJames*, 654 F.2d at 284 (citing *World-Wide Volkswagen*, 444 U.S. 286). Plaintiff cannot meet the burden of establishing specific jurisdiction because plaintiff cannot show that defendant maintains sufficient contacts with New Jersey from which to claim this action arises.

An exercise of personal jurisdiction over defendant under these circumstances would offend the traditional notions of fair play and substantial justice as it is wholly unreasonable to require defendant to defend this action in New Jersey. *World-Wide Volkswagen*, 444 U.S. at 292. Requiring defendant to defend this action in New Jersey would be an undue hardship as defendant does not own any property or assets in New Jersey. Likewise, an overwhelming number of the witnesses relevant to the claims alleged in the Complaint are located in St. Kitts including, but not limited to, security and management personnel who responded to the incident, the emergency responders including police and paramedics, the engineers who certified that the walkway in question was in compliance with the building code, UMHS personnel who responded to the scene, doctors at JNF Hospital who examined plaintiff and others following the incident, and the UMHS doctor who evaluated students after their medical assessments at JNF

- 10 -

Hospital. Indeed, it goes without saying that the very premises at issue is located in the Federation of St. Kitts and Nevis.

It would be a costly to defendant to be forced to drag its witnesses and all the evidence in this case to New Jersey when plaintiff was voluntarily attending UMHS in St. Kitts, sought housing in St. Kitts, and executed a contract for same in St. Kitts with an express choice-of-law provision. There is no reason that plaintiff cannot pursue the cause of action in St. Kitts before a court better suited to interpret the documents at issue subject to the laws of the Federation of St. Kitts and Nevis and in the very jurisdiction where the premises, witnesses, and evidence are located.

As neither general jurisdiction nor specific jurisdiction can be established over Trans-Americainvest, plaintiff's Complaint must be dismissed with prejudice for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

**B.      Plaintiff's Complaint Must Be Dismissed For Improper Venue.**

Pursuant to Fed. R. Civ. P. 12(b)(3), defendant asserts that this matter must be dismissed with prejudice as plaintiff has selected an improper venue. As this objection to venue has been raised prior to the filing of an Answer by defendant to the Complaint it is appropriately positioned for the Court's determination. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

A plaintiff may only bring a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

- 11 -

> defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If a case is venued in the wrong district then the district court "shall dismiss" the case if it cannot, in the interest of justice, be transferred another district or division in which the case could have been brought. 28 U.S.C. § 1406(a); *see also* 17-110 Moore's Federal Practice - Civil § 110.01(4)(a) ("A primary purpose of venue requirements is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial.").

Here, neither defendant nor co-defendants reside in the District of New Jersey consistent with 28 U.S.C. § 1391(b)(1). The events and property giving rise to plaintiff's claim are located in the Federation of St. Kitts and Nevis so venue cannot be properly established under 28 U.S.C. § 1391(b)(2). Last, venue is improper under 28 U.S.C. § 1391(b)(3) as none of the defendants are subject to personal jurisdiction as defendant has established in these moving papers and co-defendants have established in their own pending motion to dismiss plaintiff's Complaint. On these facts, New Jersey is an unfair and inconvenient place of trial. Accordingly, plaintiff's Complaint should be dismissed as New Jersey is an improper venue.

## C. Plaintiff's Complaint Must Be Dismissed With Prejudice Under The Doctrine Of *Forum Non Conveniens*.

The equitable doctrine of *forum non conveniens* is "firmly embedded" in New Jersey common law. *Civic S. Factors Corp. v. Bonat*, 65 N.J. 329, 332 (1974) (citations omitted). The doctrine empowers a court to refuse to exercise jurisdiction over a case "whenever the ends of justice indicate that trial in the forum selected by the plaintiff would be inappropriate." *Id.* at 332-333; *see also Yousef v. General Dynamics Corp.*, 205 N.J. 543, 557 (2011) ("The equitable doctrine of *forum non conveniens* empowers a court to decline to exercise jurisdiction when a trial in another available jurisdiction will best serve the convenience of the parties and the ends

of justice." (internal quotations omitted)). This is due, in part, to the fact that a plaintiff's choice of forum is not dispositive. *Yousef*, 205 N.J. at 557 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)). Indeed, "[t]he purpose of the doctrine is to prevent harassment of or injustice to a defendant." *Civic S. Factors*, 65 N.J. at 333; *see also* 17-110 Moore's Federal Practice - Civil § 110.01(4)(a) ("[I]f the plaintiff chooses a relatively inconvenient forum, the action may be subject to transfer to a more convenient forum under the convenience transfer statute, or dismissal under the forum non conveniens doctrine.").

The New Jersey Supreme Court has recognized that in some cases "the burden to a defendant will be so grossly unfair and obvious on the face of the pleadings that discovery will not be necessary to validate a motion for *forum non conveniens*." *Kurzke v. Nissan Motor Corp. in U.S.A.*, 164 N.J. 159, 168 (2000). Further, the decision to decline jurisdiction based upon application of the *forum non conveniens* doctrine is left to the trial court's "sound discretion" and afforded "considerable deference." *Yousef*, 205 N.J. at 557.

Application of the *forum non conveniens* doctrine depends upon weighing private and public interests factors. The private-interest factors enunciated by the U.S. Supreme Court in *Gulf Oil* are to be weighed by the court including:

> the relative ease of access to sources of proof; the availability of compulsory process; the cost of obtaining the attendance of witnesses; the ability to view an accident scene, if that would be beneficial to the factfinder; the enforceability of a judgment; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Yousef*, 205 N.J. at 558 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

The public-interest factors from *Gulf Oil* are also to be weighed including:

> consideration of trial delays that may occur because of backlogs in a jurisdiction; whether jurors should be compelled to hear a case that has no

- 13 -

or little relationship to their community; the benefit to a community of having localized controversies decided at home; and whether the law governing the case will be the law of the forum where the case is tried.

*Yousef*, 205 N.J. at 558 (citing *Gulf Oil*, 330 U.S. at 508-509).

The private interest factors strongly favor a trial of plaintiff's claims in St. Kitts rather than in New Jersey. A trial in St. Kitts provides the easiest access to sources of proof concerning the walkway construction, control, etc. giving rise to plaintiff's fall. It will be far more cost effective for witnesses to appear in St. Kitts from an accident that occurred in St. Kitts. To this end, if the factfinder wishes to view the scene then a St. Kitts forum would be far more convenient than flying a panel of jurors from the District of New Jersey to St. Kitts to view the scene. Further, there is significant burden of effectuating compulsory process on unwilling witnesses located outside of the State of New Jersey which would require the parties to petition courts in the Federation of St. Kitts and Nevis for subpoenas and secure counsel in St. Kitts.

In addition, the parties already agreed to address any such litigation under the laws of St. Kitts and in the courts of St. Kitts. The Policies & Rules, incorporated by the Rental Agreement, provides that plaintiff "unequivocally" agreed "to submit to the jurisdiction of St. Kitts and Nevis"[1] and states that any dispute is to be governed by the laws of St. Kitts and Nevis.[2] Exhibit D at p. 13.

---

[1] A forum selection clause in a contract is presumptively valid and to be enforced by the forum court unless the party objecting to enforcement of the clause establishes: (1) that the clause is the result of fraud or overreaching; (2) that enforcement of the clause would violate the forum's strong public policy; or (3) that enforcement of the clause would result in jurisdiction in the case that was "so seriously inconvenient as to be unreasonable." *MoneyGram Payment Sys. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 846 (3d Cir. 2003) (quoting *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983)). Plaintiff's Complaint contains no claims of fraud, duress, or undue influence in executing the Rental Agreement which subjected the parties to jurisdiction in the Federation of St. Kitts and Nevis. Moreover, honoring the clause is in the interests of justice not only by adhering to the clear language of the contract between the parties but by also allowing a St. Kitts court to interpret a contract subjecting itself to the laws of St. Kitts and concerning an incident that occurred in St. Kitts.

Litigating this matter in New Jersey would further burden and, indeed, be highly prejudicial to Trans-Americainvest in view of its limited insurance coverage – a limitation plaintiff acknowledged in executing the Rental Agreement. The availability of insurance to potentially cover plaintiff's claim is a significant factor in favor of adjudication of this matter in St. Kitts. At the time of contracting, plaintiff was advised that the Hotel's liability policy only covers the jurisdiction of St. Kitts and Nevis.[3] See Exhibit D at p. 13. While not conceding liability, causation, or damages, in the event plaintiff were successful, such an order or judgment would be more effective in St. Kitts where the potential for plaintiff to recover from defendant's insurance carrier exists versus obtaining a judgment or order from a United States court which would by definition not be covered under defendant's policy as outside the jurisdictional limit.

The public-interest factors from *Gulf Oil* also favor adjudication in St. Kitts rather than in New Jersey. Jurors from the District of New Jersey should not be compelled to hear a case that has little relationship to the community in New Jersey; it does not involve a hotel or businesses operating in New Jersey. Indeed, the community that would benefit from having this matter "decided at home" would be the community of St. Kitts which is more concerned with the liability of owners and operators of premises in St. Kitts than the community of New Jersey. "Since New Jersey has minimal, if any, interest in these cases, it would be manifestly unfair to force the citizens of our state to bear the heavy burden of hosting disputes among numerous *residents of other jurisdictions* who were involved in *out-of-state accidents* and entered into

---

[2] The "General Terms" section of the Rental Agreement executed by plaintiff also unambiguously and explicitly provides that the agreement "shall be governed by the Laws of the Federation of St. Christopher and Nevis, West Indies." Exhibit C at p. 5.

[3] The Public & Products Liability Policy issued to Trans-Americainvest unambiguously and explicitly provides that the policy only provides coverage for the jurisdiction where the policy was issued. Exhibit E at p. 9. The territorial limit is specifically identified as the Federation of St Kitts and Nevis. See Exhibit E at p. 2. The policy does not provide coverage for any judgments or orders obtained from a court in any other country. Exhibit E at p. 9.

contracts that *have no ties to New Jersey*." *First England Funding, L.L.C. v. Aetna Life Ins. & Annuity Co.*, 347 N.J. Super. 443, 449 (App. Div. 2002) (emphasis added). None of the defendants are New Jersey residents; the incident at issue did not occur in New Jersey; the contract at issue was negotiated in St. Kitts, not in New Jersey; and the action concerns premises in St. Kitts, not in New Jersey.

St. Kitts also possesses a greater public interest in affording the forum and law to be applied to this action. There is no reason to burden this judicial system with a complex suit involving the application of laws outside the laws of New Jersey and these United States; especially, when St. Kitts is a forum with a significant interest in adjudicating a case involving businesses and premises located within its jurisdiction and a contract declaring that it and the parties bound by the contract are to be governed by the laws of St. Kitts and Nevis. The Supreme Court has already noted that "[t]here is a local interest in having localized controversies decided at home" and it is appropriate to try a case "in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Gulf Oil*, 330 U.S. at 509. Even New Jersey's choice-of-law analysis favors application of the laws of St. Kitts to this action.

While not waiving its argument that the choice-of-law provision controls, defendant notes that even New Jersey's conflict of laws analysis favors application of the laws of St. Kitts and Nevis which the courts of St. Kitts are more familiar with than a New Jersey forum. The New Jersey Supreme Court observed that § 146 of the Second Restatement presumes that the local law of the place of the injury will be applied as it "furthers the choice-of-law values of certainty, predictability and uniformity of result". *P.V. ex rel. T.V. v. Camp Jaycee*, 197 N.J. 132, 154

- 16 -

(2008) (citing *Restatement of the Law, Second, Conflicts of Law* §146). Plaintiff's accident and injuries occurred in St. Kitts so it is presumed under § 146 that the laws of St. Kitts and Nevis will be applied to adjudicate this matter. Likewise, the governmental interest analysis of § 145 of the Second Restatement also considered by New Jersey favors application of the laws of St. Kitts and Nevis. See *P.V.*, 197 N.J. at 144-145 (2008) ("Section 146 recognizes the intuitively correct principle that the state in which the injury occurs is likely to have the predominant, if not exclusive, relationship to the parties and issues in the litigation. It is from that vantage point that we turn to the remaining contacts set forth in sections 145 and the cornerstone principles of section 6 to determine whether New Jersey has a more significant relationship … [with] the occurrence and the parties". (internal citations and quotations omitted)).

Under the Second Restatement, the contacts to be considered based upon their relative importance to the issues to determine the applicable law for an issue in tort are:

> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
> (d) the place where the relationship, if any, between the parties is centered.

*Restatement of the Law, Second, Conflicts of Law* § 145. St. Kitts is the place where the injury occurred (factor (a), the place where the conduct at issue occurred (factor (b)), and the place where the plaintiff's relationship with the defendants is centered as plaintiff was a student at co-defendant's school in St. Kitts, staying at defendant's Hotel in St. Kitts, and executed the Rental Agreement in St. Kitts (factor (d)). The sole argument plaintiff could make is that, under factor (c), plaintiff presently resides in New Jersey. However, factor (c) also requires consideration of the fact that UMHS, Limited and Trans-Americainvest are corporations possessing principal

places of business in St. Kitts and Nevis. Thus, New Jersey's choice-of-law analysis also favors application of the laws of St. Kitts to this action which per *Gulf Oil* would be best applied by a court in St. Kitts rather than a New Jersey forum.

Plaintiff will not endure "significant hardship" by filing this case in St. Kitts so as to prevent dismissal for *forum non conveniens* as plaintiff will still have a forum, St. Kitts, in which to pursue the claims raised in the Complaint. *Contra Gantes v. Kason Corp.*, 145 N.J. 478, 499 (1996). As detailed in the private interest analysis, the premises, witnesses, and evidence are located in St. Kitts and favor adjudication in St. Kitts. Moreover, plaintiff cannot seek to bar the dismissal "solely because of the possibility of an unfavorable change in law" because our Supreme Court has denoted that *Gulf Oil* "[held] that the <u>central focus</u> of the *forum non conveniens* inquiry is <u>convenience</u>". *Piper Aircraft*, 454 U.S. at 262 (emphasis added). That New Jersey's own choice-of-law principles directs for application of the law of St. Kitts and Nevis, underscores that there is no harm to plaintiff in changing forums because it will not change the applicable law. *See Mowrey v. Duriron Co.*, 260 N.J. Super. 402, 416 (App. Div. 1992) (explaining that dismissal would not inflict undue hardship on the plaintiff "because [the other forum's] substantive and procedural law will apply in any event.").

Accordingly, as both private and public interests favor dismissal of this action under the doctrine of *forum non conveniens*, plaintiff's Complaint should be dismissed so that it can be before a court sitting in the Federation of St. Kitts and Nevis.

## III.    CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court enter an Order dismissing plaintiff's Complaint with prejudice for lack of personal jurisdiction, improper venue, and/or *forum non conveniens*.

Respectfully submitted,

HARDIN, KUNDLA, MCKEON & POLETTO, P.A.
Attorneys for Defendant, Trans-Americainvest (St Kitts) Ltd t/a Royal St. Kitts Hotel and Casino

By: *s/ Janet L. Poletto*
_____
Janet L. Poletto, Esq.

DATED: January 21, 2015