**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HIZA SUHAIL, | |
| Plaintiff, | Civil Action No. 14-7386 (MAS) (DEA) |
| v. | **OPINION** |
| TRANS-AMERICAINVEST (ST. KITTS), LTD, et al., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on separate motions to dismiss Plaintiff Hiza Suhail's ("Plaintiff") Complaint by Defendants University of Medicine and Health Sciences, LLC ("UMHS, LLC") and University of Medicine and Health Sciences, Limited[1] ("UMHS, Ltd.") (collectively, "UMHS") (ECF No. 4) and Defendant Trans-Americainvest, (St. Kitts), Ltd,[2] trading as Royal St. Kitts Hotel ("Trans") (collectively with UMHS, "Defendants") (ECF No. 11). Defendants seek dismissal on the grounds of *forum non conveniens*, lack of personal jurisdiction, and improper venue. (ECF Nos. 4, 11.) Plaintiff opposed the motions (ECF Nos. 8, 17), and Defendants replied (ECF Nos. 16, 18). The Court has carefully considered the parties' submissions

---

[1] Improperly pled as University of Medicine and Health Sciences, St. Kitts.

[2] Improperly pled as Trans-Americainvest (St Kitts) Ltd. trading as Royal St. Kitts Hotel and Casino.

and decides the matters without oral argument pursuant to Local Civil Rule 78.1.  For the reasons stated below, Defendants' motions to dismiss on the grounds of *forum non conveniens* are granted.[3]

I.   **Background**

Plaintiff, a New Jersey resident, brought this action to recover damages stemming from injuries sustained while on Trans's property (the "Royal Hotel") where she was a resident while attending medical school at UMHS, Ltd. (Compl. 2, 5, ECF No. 1-1.)  UMHS, Ltd. is incorporated in the Federation of St. Kitts and Nevis, with its principal place of business in St. Kitts.  (*See* Compl. 1; Certification of Michael L. Trucillo ("Trucillo Cert."), Ex. B ("Ross Cert.") ¶¶ 3, 6, 7, ECF No. 4-4.)  UMHS, LLC, which is incorporated in Florida and has its principal place of business in Florida, is responsible for the administrative operation of UMHS, Ltd.  (Compl. 4; Ross Cert. ¶¶ 8, 12.)  Trans, which owns and operates the Royal Hotel, is incorporated in St. Kitts and has its principal place of business in St. Kitts.  (Compl. 5; Certification of Janet L. Poletto ("Poletto Cert."), Ex. B ("Esposito Cert.") ¶¶ 4, 5, ECF No. 11-3.)

On or about October 17, 2012, Plaintiff was walking on a second story walkway at the Royal Hotel when the walkway collapsed, and Plaintiff fell to the ground below.  (Certification of Harris S. Feldman ("Feldman Cert.") ¶¶ 16-17, ECF No. 9.)  Plaintiff was examined at a local hospital ("JNF Hospital") in St. Kitts and received additional medical care in New Jersey and New York.  (Feldman Cert. ¶¶ 18, 24.)  Plaintiff and other UMHS, Ltd. Students lived at the Royal Hotel in St. Kitts pursuant to an agreement between Trans and UMHS, Ltd., whereby Trans would

---

[3] *Forum non conveniens* is a non-merits ground for dismissal. Therefore, a district court may dispose of an action by a *forum non conveniens* dismissal, bypassing the question of personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) (holding "that a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection," including an objection based on personal jurisdiction).

rent a block of rooms to UMHS, Ltd. ("University Agreement"). (Supplemental Certification of Natalia Bitton-Esposito ("Esposito Supp. Cert.") ¶¶ 17, 18, 22, ECF No. 18-3.) The University Agreement required that students enter into individual agreements with the Royal Hotel to ensure compliance with the Royal Hotel's Rental Policies and Rules ("Student Agreement"). (Esposito Supp. Cert. ¶ 27, Ex. C ("University Agreement") ¶ 9, ECF No. 18-4.)

On January 1, 2012, while physically at the Royal Hotel, Plaintiff executed the Student Agreement, which incorporated by reference the Rental Policies and Rules. (Esposito Supp. Cert. ¶ 30; Poletto Cert., Ex. C ("Student Agreement"), 5, ECF No. 11-4.) The Student Agreement states that Plaintiff acknowledged her responsibility to read the Rental Policies and Rules. (Esposito Supp. Cert. ¶ 34; Student Agreement 2.) Plaintiff was provided a copy of the Royal Hotel's Rental Policies and Rules via e-mail message on three separate occasions: January 17, 2012; June 14, 2012; and September 17, 2012. (Esposito Supp. Cert. ¶ 38.) The Rental Policies and Rules provide that Plaintiff "unequivocally" agrees "to submit to the jurisdiction of St. Kitts." ("Rental Policies and Rules") 13, ECF No. 11-5.)

Plaintiff's Complaint alleges four counts: (1) Defendants were negligent, reckless, and/or careless in the maintenance, operation, and selection of the Royal Hotel; (2) Defendants were negligent, reckless, and/or careless in the hiring and retention of their agents, employees, and/or servants; (3) Defendants were negligent, reckless, and/or careless in the training, instruction, and warning of their agents, employees, and/or servants; and (4) Defendants' conduct, acts, and/or omissions were accompanied by actual malice and/or wanton and willful disregard of Plaintiff's rights, safety, and well-being. (Compl. 4-5.)

## II.   <u>Analysis</u>

Under the common law doctrine of *forum non conveniens*, a district court has the discretion to dismiss a case if "a court abroad is the more appropriate and convenient forum for adjudicating the controversy." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007.) The decision to dismiss a case on the grounds of *forum non conveniens* rests in the sound discretion of the trial court. *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 188-89 (3d Cir. 2008). "Dismissal for *forum non conveniens* reflects a court's assessment of a 'range of considerations, most notable the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality.'" *Sinochem Int'l Co.*, 549 U.S. at 429 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996)). "The analysis under a motion to dismiss for *forum non conveniens* is flexible and must be made on the unique facts of each case." *Mediterranean Golf, Inc. v. Hirsh*, 783 F. Supp. 835, 840 (D.N.J. 1991) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50 (1981)). Courts often decide the issue of *forum non conveniens* based only on affidavits submitted by the parties; "extensive investigation" is unnecessary and would "defeat the purpose" of such a motion. *See Piper Aircraft Co.*, 454 U.S. at 258.

The Third Circuit applies a three-part analysis in determining if dismissal based on the doctrine of *forum non conveniens* is appropriate. First, a district court must "determine whether an adequate alternative forum can entertain the case." *Windt*, 529 F.3d at 189-90. Second, "[i]f such a forum exists, the district court must then determine the appropriate amount of deference [to] be given to the plaintiff's choice of forum." *Id.* at 190. Finally, "[o]nce the district court has determined the amount of deference due [to] the plaintiff's choice of forum, the district court must balance the relevant public and private interest factors." *Id.* "If the balance of these factors indicates that trial in the chosen forum would result in oppression or vexation to the defendant out

4

of all proportion to the plaintiff's convenience, the district court may, in its discretion, dismiss the case on *forum non conveniens* grounds." *Id.*; *see also Chigurupati v. Daiichi Sankyo Co.*, 480 F. App'x 672, 674 (3d Cir. 2012). The party moving to dismiss on grounds of *forum non conveniens* "bears the burden of persuasion as to all elements of the *forum non conveniens* analysis." *Lony v. E. I. Du Point De Nemours Co.*, 886 F.2d 628, 632 (3d Cir. 1989) (citing *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir. 1988)). Then, plaintiff has the opportunity to rebut the evidence presented by the defendant in support of the motion to dismiss. *Chigurupati*, 480 F. App'x at 674 n.4.

### A.    Adequate Alternative Forum

The first step in a *forum non conveniens* analysis is whether an adequate alternative forum exists. A party to the lawsuit can satisfy this element of the *forum non conveniens* analysis "when the defendant is amenable to process" in the alternative forum. *Piper Aircraft Co.*, 454 U.S. at 254 n.22 (internal quotation marks omitted). A forum may be deemed an inadequate alternative under the "rare circumstances . . . where the remedy offered by the other forum is clearly unsatisfactory." *Id.* For example, a forum is inadequate where the alternative forum does not permit litigation of the subject matter of the dispute, or [w]here a plaintiff cannot access evidence essential to prove a claim. *See Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 161 n.14 (3d Cir. 2010). If the proposed alternative forum is inadequate, it would be improper to dismiss the case for *forum non conveniens*. *See Piper Aircraft Co.*, 454 U.S. at 254 n.22.

Here, an adequate alternative forum exists. First, Trans and UMHS, Ltd. are incorporated in St. Kitts and have their principal places of business in St. Kitts. Thus, the Court finds that they are "amenable to process" in St. Kitts. With respect to UMHS, LLC, UMHS argues that UMHS, LLC may be forced to litigate the same claim in two separate venues, in the event that UMHS's

motion is denied.  (UMHS Moving Br. 10, ECF No. 4-1.)  This argument appears to be a representation of UMHS, LLC's intention to submit to process in St. Kitts.  Furthermore, this Court has the discretion to condition dismissal on UMHS, LLC's actual consent to process in the foreign forum.  *Miller v. Bos. Scientific Corp.*, 380 F. Supp. 2d 443, 449 (D.N.J. 2005).

Moreover, "if there is no dispute among the parties regarding the adequacy of the foreign forum, the defendant is under no obligation to provide record evidence that the foreign forum would provide plaintiff with an adequate remedy." *Archut v. Ross Univ. Sch. of Veterinary Med.*, No. 10-1681, 2013 WL 5913675, at *5 (D.N.J. Oct. 31, 2013) (citing *Miller*, 380 F. Supp. 2d at 449-50.)  Here, the Court is not concerned about the lack of record evidence supporting the adequacy of a remedy in St. Kitts because the parties do not contest that St. Kitts would provide Plaintiff with an opportunity to obtain redress if she succeeds on the merits of her claim.  For these reasons, the Court finds that Defendants have met their burden of showing that St. Kitts provides an adequate alternative forum, and the Court conditions this decision on UMHS, LLC's consent to process in St. Kitts.

### B.    Deference to Plaintiff's Choice of Forum

Next, if an adequate alternative forum exists, "the district court must then determine the appropriate amount of deference to be given [to] the plaintiff's choice of forum." *Windt*, 529 F.3d at 190.  "[A] strong presumption" of convenience exists in favor of a domestic "plaintiff's chosen forum." *Id.* at 190 (citing *Piper Aircraft Co.*, 454 U.S. at 255).  "A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem*, 549 U.S. at 430.  When a plaintiff chooses her "home forum"—where she is a resident or citizen— her choice of forum is entitled to greater deference, because "it is reasonable to assume that this choice is convenient." *Piper Aircraft Co.*, 454 U.S. at 256.  In this case, Plaintiff is a New Jersey

6

resident and has chosen to bring suit in her home forum; therefore, her choice of forum is given great deference by the Court.

### C.    Balancing of the Private and Public Interest Factors

The third and final step of a *forum non conveniens* analysis requires the district court to balance the private and public interest factors. *Windt*, 529 F.3d at 189-90.  Balancing these factors is "essentially qualitative, not quantitative." *Lacey*, 862 F.2d at 182.  The deference to be afforded a plaintiff's choice of forum "may be overcome only when the balance of the public and private interests clearly favors an alternate forum." *Windt*, 529 F.3d at 190 (citing *Piper Aircraft Co.*, 454 U.S. at 255).  "If the balance of these factors indicates that trial in the chosen forum would result in oppression or vexation to the defendant out of all proportion to the plaintiff's convenience, the district court may, in its discretion, dismiss the case on *forum non conveniens* grounds." *Id.* at 190.  The defendant has the burden of proof. *Piper Aircraft Co.*, 454 U.S. at 241.

### 1.    *Private Interests*

A district court must consider private interest factors when undertaking a *forum non conveniens* analysis, which include: (1) "the relative ease of access to sources of proof"; (2) "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses"; (3) "all other practical problems that make trial of a case easy, expeditious and inexpensive"; and (4) "the enforceability of a judgment if one is obtained." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 503, 508 S. Ct. 839, 840, 91 L. Ed. 1055 (1947.)

When analyzing these private interest factors, the Supreme Court held that "the district court must scrutinize the substance of the dispute . . . to evaluate what proof is required, and determine whether the pieces of the evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action." *Van Cauwenberghe v.*

*Biard*, 486 U.S. 517, 528 (1988) (quoting *Gilbert*, 330 U.S. at 509). The district court's application of the *forum non conveniens* analysis, however, "does not call for a detailed development of the entire case," but only "a brief review of the issues necessary to determine who the critical witnesses are." *Mediterranean Golf, Inc.*, 783 F. Supp. at 843 (internal quotation marks omitted).

This action involves a wooden walkway collapsing at the Royal Hotel in St. Kitts. Trans argues that the private interest factors strongly favor trial in St. Kitts rather than in New Jersey because St. Kitts provides the easiest access to sources of proof concerning the walkway construction and inspection and notice of the conditions giving rise to Plaintiff's accident. (Trans Moving Br. 14, ECF No. 11-9.) To begin, Trans argues that it would be far more cost effective for witnesses to appear in St. Kitts, because it is where the accident occurred and where many of the witness are located. *Id.* Trans has provided the Court with a list of witnesses it intends to call, which includes security and management personnel who responded to the incident, police and paramedic emergency responders, engineers who certified that the walkway in question was in compliance with the building code, UMHS personnel who responded to the accident, doctors at JNF Hospital who examined Plaintiff, and the UMHS doctor who evaluated Plaintiff after her medical assessment at JNF Hospital, all of whom are located in St. Kitts. (Trans Moving Br. 15, ECF No. 11-9; Esposito Cert. ¶ 18.) Furthermore, Trans argues that if its motion is denied, there will be a significant burden of effectuating compulsory process on unwilling witnesses located outside of New Jersey which would require the parties to petition courts in St. Kitts for subpoenas and to secure counsel in St. Kitts. (Trans Moving Br. 14.) Similarly, UMHS argues that it will be unable to compel the appearance of critical fact witnesses in New Jersey, such as the employees of the Royal Hotel, where the accident took place. (UMHS Reply Br. 4.) Moreover, UMHS argues that other than Plaintiff, no witnesses to the accident reside in New Jersey. (*Id.*) Therefore, UMHS

argues that the private interest factors weigh heavily in favor of dismissal of Plaintiff's cause of action.

Plaintiff argues that Defendants have not shown actual difficulty in litigating the case before this Court besides listing generic difficulties with witnesses. Plaintiff further argues that many of the operative fact witnesses are either local to New Jersey or within the reach of this Court's subpoena power. (Pl.'s Opp'n 32, ECF. No 17.) Plaintiff, however, does not state who these witnesses are or where they are currently located. Additionally, Plaintiff argues that the witnesses can be deposed via video-teleconference and Plaintiff will pay for travel expenses to St. Kitts for any necessary site visits or depositions. (*Id.* at 33.) Furthermore, Plaintiff argues that she will be heavily burdened by the expense of retaining counsel and performing discovery in St. Kitts. (*Id.* at 32.)

Given that the majority of evidence and witnesses are located in St. Kitts, or their location is unknown, the relative ease and access to sources of proof weigh strongly in favor of dismissal. Any sources of proof, including the premises and records of past accidents or remedial measures and Plaintiff's immediate medical treatment, are located in St. Kitts, with the exception of Plaintiff's medical treatment that occurred in New Jersey and New York. Furthermore, Plaintiff's medical providers in New Jersey and New York, as witnesses, would only support Plaintiff's proof of damages, but "the issue of damages is only relevant if liability is proved." *Lynch v. Hilton Worldwide, Inc.*, No. 11-1362, 2011 WL 5240730, at *4 (D.N.J. Oct. 31, 2011). Moreover, all of the witnesses identified reside in St. Kitts except Plaintiff. Therefore, the costs associated with obtaining their attendance in St. Kitts would be minimal as opposed to obtaining their attendance in New Jersey. Accordingly, the Court finds that the private interest factors weigh in favor of dismissal.

2.      *Public Interests*

A district court must also consider public interest factors when undertaking a *forum non conveniens* analysis, which include: (1) "the administrative difficulties flowing from court congestion"; (2) "the local interest in having localized controversies decided at home"; (3) "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action"; (4) "the avoidance of unnecessary problems and conflicts of laws or the application of foreign law"; and  (5) "the unfairness of burdening citizens in an unrelated forum with jury duty." *Lony*, 886 F.2d at 640 (internal quotation marks omitted).

"In evaluating the public interest factors the district court must 'consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum.'" *Lacey*, 862 F.2d at 48 (quoting *Van Cauwenberghe*, 486 U.S. at 528).  Defendants argue that St. Kitts has a strong local interest in resolving this premises liability action, since it arises from a wooden walkway collapsing in St. Kitts and involves a St. Kitts hotel, a St. Kitts university, and a student living in St. Kitts at the time.  Plaintiff argues that Defendants have extensive contacts with New Jersey and its residents, and therefore, New Jersey has a more significant interest in this case.  (Pl.'s Opp'n 32.)  Plaintiff emphasizes that public interests favor a New Jersey forum because UMHS students are largely from the United States.  (Pl.'s Opp'n 18. ECF No. 8.)  Specifically, they are recruited from American universities, submit applications in the United States, and return to the United States after their education at UMHS for placements and licensing.  (*Id.*)  Furthermore, Plaintiff argues that she is and was at all times a resident of New Jersey who suffered significant injuries from this incident, and therefore, prospective jurors for this case would not decide a foreign case without any relationship to New Jersey.  (*Id.* at 32.)

The Court is persuaded by Defendants' arguments, as it finds that St. Kitts has the closest ties to this action. Since the interest of having localized controversies decided at home focuses on the effect that the resolution of the case would have on the local community, *Windt*, 544 F. Supp. at 423, New Jersey has little interest in the resolution of this case. "The tangential relationship between the subject matter of this action and [D]efendants' activities within the state of New Jersey" undercuts Plaintiff's argument that New Jersey and its citizens have an interest in hearing the case. *Archut*, No. 10-1681, 2013 WL 5913675, at *10 (In dismissing plaintiff's breach of contract claim against a St. Kitts university on the grounds of *forum non conveniens,* the district court found that the citizens of New Jersey did not have an interest in a foreign university's failure to accommodate a student's disability). The citizens of New Jersey simply do not have a strong public interest in hearing a personal injury case arising out of injuries sustained by the Plaintiff while attending school in and living at a hotel in St. Kitts. St. Kitts, in contrast, has a strong public interest in the resolution of this case because the torts were sustained in its jurisdiction. In addition, the burden of jury duty should be placed on St. Kitts' citizens because they have the "closest ties to this action," and New Jersey jurors would be improperly burdened by the need to resolve a matter having little or no impact on their community.

Moreover, with respect to the avoidance of unnecessary problems in conflicts of law or in the application of foreign law, it is not clear that New Jersey law will apply to the merits of Plaintiff's cause of action. The uncertainty regarding the application of St. Kitts' law is itself a factor that weighs in favor of dismissal. *See Miller*, 380 F. Supp. 2d at 456. This Court, if retaining jurisdiction, will be burdened by the necessity of undertaking a time consuming choice of law

analysis to determine the propriety of applying St. Kitts law.[4]  *See Archut,* No. 10-1681, 2013 WL

5913675, at *11.   New Jersey has implemented the "most significant relationship" test.

*Maniscalco v. Brother Int'l Corp.*, 709 F.3d 202, 210 (3d Cir. 2013).[5]  As part of the most

significant relationship analysis, there is a presumption that the law should be applied from the

state where the alleged tort occurred.  *P.V. ex rel. T.V. v. Camp Jaycee*, 197 N.J. 132, 136 (2008.)

If St. Kitts' law applies, the Court would be burdened with examining and applying the laws of St.

Kitts.  As the doctrine of *forum non conveniens* is designed in part to help courts avoid conducting

complex exercises in comparative law, the public interest factors point towards dismissal, as the

Court would be required to untangle problems in conflict of laws and in law foreign to itself.  *See*

*Piper Aircraft Co.*, 454 U.S. at 251.

 Taking all of these private and public interest factors into consideration, the Court must

determine if the private and public interest factors weigh in favor of dismissing the case on *forum*

*non conveniens* grounds.  "If the balance of these factors indicates that trial in the chosen forum

would result in oppression or vexation to the defendant out of all proportion to the plaintiff's

convenience, the district court may, in its discretion, dismiss the case on *forum non conveniens*

---

[4] Trans argues that the parties already agreed to the application of St. Kitts law in the courts of St. Kitts because the Rental Policies and Rules, incorporated by reference in the Student Agreement, provided that Plaintiff "unequivocally" agreed "to submit to the jurisdiction of St. Kitts."  (Trans Mot. to Dismiss, 13; Student Agreement 5.)  For purposes of this motion, the Court will not reach the question of whether the forum selection clause is indeed valid, as already decided under the doctrine of *forum non conveniens*.

[5] The test is partitioned into two parts. A court must determine: (1) "whether an actual conflict of law exists" and, (2) if so, "which state has the 'most significant relationship' to the claim by 'weighing the factors set forth in the Restatement [(Second) of Conflict of Laws]'."  *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 699 (D.N.J. 2011)) (citing *P.V. v. Camp Jaycee*, 197 N.J. 132, 142-43, (2008) and *Nikolin v. Samsung Elecs. Am., Inc.*, No. 10-1456, 2010 WL 4116997, at *3 (D.N.J. Oct. 18, 2010)).

grounds." *Windt*, 529 F.3d at 190; *see also Chigurupati*, 480 F. App'x at 674.  Here, the more appropriate forum for this litigation is St. Kitts.  The Court finds that the private interest factors weigh strongly in favor of dismissal because the majority of the sources of proof are located in St. Kitts.  The premises at issue is located in St. Kitts. The only identified witnesses located in New Jersey are Plaintiff and those related to her medical treatment, which is only relevant after liability is proven.  Similarly, the public interest factors also favor St. Kitts as the most adequate forum for resolving this dispute.  The local New Jersey community has little interest in the dispute, while St. Kitts has a great interest in it.  Further, the Court should avoid unnecessary problems with respect to conflict of laws and the application of foreign laws.  Moreover, litigation of this case in New Jersey would increase court congestion and present unnecessary administrative difficulties, since the operative facts giving rise to the action occurred outside of New Jersey.  Therefore, the Court concludes that the balance of public interests overwhelmingly tips in favor of trial in St. Kitts.

The Court has already concluded that St. Kitts would be an adequate alternative forum and substantial deference should be afforded to Plaintiff's choice of forum.  Weighing all of the private and public interest factors together, the Court concludes that forcing Defendants to litigate in this forum would be "oppressive[] and vexatio[us]" to them out of all proportion to Plaintiff's convenience. *Piper Aircraft Co.*, 454 U.S. at 241.  Accordingly, Defendants' motions to dismiss on *forum non conveniens* grounds is granted.

## III.    Conclusion

For the reasons set forth above, Defendants' motions to dismiss on the grounds of *forum non conveniens* are granted, and Plaintiff's Complaint is dismissed. An order consistent with this Memorandum Opinion will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 29th, 2015

14